UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-24418-CIV-ALTONAGA/O'Sullivan

**GLORIA FERNANDEZ**,

    Plaintiff,
v.

**CAROLYN W. COLVIN**, Acting Commissioner
of Social Security Administration,

    Defendant.
    _____/

## ORDER

On November 20, 2014, Plaintiff, Gloria Fernandez ("Fernandez"), filed a Complaint ("Complaint") [ECF No. 1] alleging improper denial of benefits under the Social Security Act ("Act"). The case was referred to Magistrate Judge John J. O'Sullivan for a report and recommendation on any dispositive matters. (*See* [ECF No. 3]). On March 11, 2015, Fernandez filed a Motion for Summary Judgment . . . ("Fernandez's Motion") [ECF No. 14]. On May 4, 2014, Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security Administration ("Defendant" or "Commissioner"), filed a combined Motion for Summary Judgment . . . and Response . . . ("Defendant's Motion") [ECF Nos. 17, 18[1]]. Fernandez did not respond to Defendant's Motion.

Judge O'Sullivan entered his Report and Recommendation ("Report") [ECF No. 19] on June 29, 2015, recommending Fernandez's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision be affirmed. (*See id.* 21). Fernandez timely filed Objections . . . ("Objections") [ECF No. 20] on July 3, 2015. The Court has carefully reviewed the Report, Objections, motions for summary judgment, the record, and applicable law.

---
[1] The same document is docketed twice under these two numbers.

## I.  BACKGROUND

On July 22, 2010, Fernandez filed an application for Disability Insurance Benefits and Supplemental Security Income benefits, alleging she was disabled within the meaning of the Act. (*See* Report 2).  Fernandez alleges disability on account of affective/mood disorders, as well as bipolar and panic disorders, which started six years ago when she was 39 years old. (*See id.* 1–2).  Fernandez previously worked as a housecleaner, caretaker, waitress, factory worker, and receptionist, but claims she is no longer able to work because of her alleged disability. (*See id.* 2, 7).

Fernandez was evaluated by four doctors in the course of the review of her application. First, Dr. Fernando Mendez-Villamil ("Dr. Villamil"),[2] Fernandez's treating physician from February 2010 through May 2013, reported findings of thought blocking, poor concentration, some memory issues, and disheveled appearance, leading to the conclusion Fernandez was unable to work because of poor energy and concentration. (*See id.* 5–6).  Although Dr. Villamil's records are the most voluminous, they consist of predominantly "vague check-off style forms" that "did not particularly elaborate on the claimant's examination results." (*Id.* 17 (citation omitted)).

Second, Dr. Maribel Del Rio-Roberts ("Dr. Del Rio-Roberts") performed a psychological evaluation of Fernandez, reporting variable eye contact; depressed mood; frequent crying and shaking; and poor memory and judgment, but also fair grooming and dress; and appropriate motivation and cooperation throughout the testing session. (*See id.* 3).

Third, Dr. James Brown ("Dr. Brown"), a state agency psychological consultant, evaluated Fernandez based on a review of the record (excluding Dr. Villamil's reports). (*See id.*

---

[2] Short forms of the doctors' names vary between the parties' filings, so the Court will use the abbreviations utilized by the Report for consistency and clarity.

4).  Dr. Brown determined Fernandez had mild difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, or pace.  (*See id.*).  He also found Fernandez had "only moderate limitations" in her abilities to concentrate; understand; remember; and carry out instructions, as would be required to complete a normal workday and workweek without interruption.  (*Id.*).  Dr. Brown concluded Fernandez's impairment did not rise to the listing level severity because her condition did not restrain activities of daily living and left her capable of simple repetitive tasks.  (*See id.*).

Fourth, and finally, Dr. Pauline Hightower ("Dr. Hightower"), another consultant, also examined only medical records (again excluding Dr. Villamil's reports).  She affirmed the accuracy of Dr. Brown's assessment.  (*See id.* 5).

The Social Security Administration denied Fernandez's application on November 24, 2010, and again upon reconsideration on February 4, 2011.  (*See id.* 2).  At an August 2, 2012 hearing, the Administrative Law Judge ("ALJ") found Fernandez had severe impairments but retained the residual functional capacity ("RFC") to perform her past work as a housecleaner and caretaker.  (*See id.*).  To reach these conclusions, the ALJ considered Dr. Villamil's opinions but afforded them less than controlling weight, concluding Dr. Del Rio-Roberts's report, and the consultants' opinions based on it, were better evidence.  (*See id.* 17).  The ALJ also relied on testimony from a vocational expert as well as Fernandez herself who testified to having a valid driver's license and being able to drive, travel to the supermarket, and complete household chores when she "feels like it."  (*Id.* 16).

The Appeals Council denied a request for review on September 22, 2014.  (*See id.* 2).  This case is Fernandez's judicial review of the ALJ's final administrative decision.  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) (stating an ALJ's decision becomes "final" for

purposes of judicial review when the Appeals Council declines an invitation to review).

## II. LEGAL STANDARDS

Two standards of review are at play. The Commissioner's decision should be upheld if, in light of the record as a whole, the decision appears to be supported by substantial evidence, *see* 42 U.S.C. section 405(g), which is defined as "more than a scintilla" and less than a preponderance of the relevant evidence, *see Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). "[T]he plain language of the statute governing review [of the report] provides only for *de novo* review of 'those portions of the report . . . to which objection is made.'" *Wanatee v. Ault*, 39 F. Supp. 2d 1164, 1169 (N.D. Iowa 1999) (quoting 28 U.S.C. § 636(b)(1) (alterations added)). Although Federal Rule of Civil Procedure 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alteration added)). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (alterations added) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

## III. ANALYSIS

The Magistrate Judge recommends the Defendant's Motion be granted and Fernandez's

Motion be denied because: (1) the record substantially justifies the ALJ's findings; (2) the ALJ gave proper weight to competing doctors' opinions; and (3) new evidence submitted to the Appeals Council did not warrant remand. (*See* Report 13). In the Objections, Fernandez contests only the second point, regarding the appropriate weight that should be given to conflicting medical opinions. (*See* Objections 2).

An ALJ must accord a treating source opinion controlling weight where it is supported by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. § 404.1527(c)(2). Such opinion may be given less weight when the evidence supports a contrary finding or does not support the opinion given by the treating source. *See id.* § 416.927(c)(2). The Eleventh Circuit has adopted a "good cause" standard, under which an ALJ may discount a treating source's opinion when good cause exists, including when (1) the treating physician's findings are short, conclusory, or internally inconsistent; (2) the treating physician's opinion is not bolstered by the evidence; or (3) the evidence supports a contrary finding. *See Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).

The ALJ explicitly afforded less than controlling weight to the opinion of the treating physician, Dr. Villamil, and chose to place more weight on Dr. Del Rio-Roberts's opinion. (*See* Report 17). First, the ALJ noted:

> The treatment records supplied by Dr. Villamil consist primarily of non-specific, often vague check-off style forms. He did not particularly elaborate on the claimant's examination results. The checkbox information is indeed evidence for consideration, but the weight accorded must reflect its vague nature. Dr. Del Rio-Roberts provided a more specific examination. . . .

(*Id.* 17 (alteration added; citation omitted)). Second, the ALJ identified not only internal inconsistencies, but also "incongruencies between Dr. Villamil's opinions about the scope of the plaintiff's limitations and the plaintiff's subjective complaints. . . ." (*Id.* 19 (alteration added;

citation omitted)). For example, Dr. Villamil's assessment of Fernandez's limitations as "extreme" contradicts his own treatment notes assessing Fernandez's ability to care for herself and her insight and judgment as "good." (*Id.* 19 (citations omitted)). And third, the ALJ found Dr. Villamil's observations "inconsistent with the record as a whole" (*id.* 17–18), and the evidence beyond Dr. Villamil's records failed to bolster his opinions. (*See id.* 19).

Because the ALJ identifies and supports these multiple bases as good cause to discount the treating-source opinions, the Report concludes the ALJ's finding was sufficiently supported — specifically because those opinions were "short, conclusory, or inconsistent" (*see id.*) — under the applicable substantial evidence standard. *See Mills v. Astrue*, 226 F. App'x 926, 931 (11th Cir. 2007) (citing *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988)). In this *de novo* review, the Court agrees.

Fernandez concedes the Report applied the proper standard of review but argues the ALJ nonetheless improperly weighed the medical opinions. (*See* Objections 2). Fernandez emphasizes there are only four medical opinions at issue: Dr. Villamil concluded Fernandez is unable to work; Dr. Del Rio-Roberts diagnosed some limitations, but did not make a determination about RFC; and Drs. Brown and Hightower relied on the record — excluding Dr. Villamil's opinions but including Dr. Del Rio-Roberts's evaluation — to find Fernandez is capable of working. (*See* Report 3–6; Objections 4–5). Although in this *de novo* review the Court need find only substantial evidence of a single basis constituting good cause to discount Dr. Villamil's opinion, Fernandez argues the record does not support any of the three good cause examples. (Objections 8 ("[T]he ALJ did not establish any of [the good cause] reasons are supported by the substantial evidence. . . ." (alterations added))).

The Objections fail to directly respond to the Report's conclusion the ALJ was correct to

find Dr. Villamil's records were "short [and] conclusory" (Report 19 (alteration added)), but Fernandez does refer to previous arguments in her Motion "at pages 14–17." (Objections 8). There, Fernandez wrote — without support — "the ALJ does not get to pick the format that a physician selects to memorialize his findings during his treatment of his patients" (Fernandez's Mot. 14); and "the format used by Dr. Mendez-Villamil did not produce 'vague' information, but rather the opposite." (*Id.* 16). These conclusory statements do not contradict or even contest the body of case law in which "courts have held such preprinted [check-off] forms do not provide persuasive evidence of the validity of the opinions expressed therein." *Dube v. Astrue*, No. 3:11CV474/LC/CJK, 2012 WL 4094519, at *7 (N.D. Fla. Aug. 14, 2012) (alteration added) (citing *Hammersley v. Astrue*, No. 5:08–cv–245–Oc–10GRJ, 2009 WL 3053707, at *6 (M.D. Fla. Sept. 18, 2009) ("Check-off forms . . . have limited probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions" (citing *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)))). As above, a single ground for good cause is sufficient to discount a treating-physician opinion. *See Phillips*, 357 F.3d at 1241.

The Report concludes the ALJ demonstrated good cause to discount Dr. Villamil's opinion (*see* Report 19), but Fernandez primarily disagrees about whether Dr. Del Rio-Roberts's evaluation provides any contrary evidence to Dr. Villamil's records:

> The other medical record from the mental health specialist who actually examined Plaintiff is the one-time evaluation by Dr. Del Rio, and her many positive findings have been discussed previously herein *as bolstering Dr. Mendez-Villamil's findings, and thus his opinion.* Therefore, in this Record, there are no other medical records to present *contrary findings* to those documented by Dr. Mendez-Villamil, and Dr. Del Rio.

(Objections 8 (emphasis in original)).

Fernandez conflates Dr. Villamil's findings and his opinions. As mentioned, not all of

7

Dr. Villamil's records support his opinions. Furthermore, although portions of Dr. Del Rio-Roberts's evaluation support some of Dr. Villamil's records, this fact alone does not speak to the issue. It is uncontested Fernandez is impaired; what these entire proceedings evaluate is whether her impairment rises to listing level severity and therefore precludes her from finding gainful employment anywhere in the national economy. *See* 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 494.1505–11. The ALJ noted Fernandez's impairment and considered the evidence of such in the records before her, but found evidence within the medical reports and testimony to convince her there was "evidence of limitations, but not to the quite profound extent alleged." (Tr. [ECF No. 11] 34). That Dr. Del Rio-Roberts made "many positive findings" (Objections 8) does not address whether the findings constitute evidence of an impairment *of listing severity*, nor does it contradict the ALJ's thoroughly documented rationale, grounded in the record, supporting her conclusion substantial evidence existed.[3] (*See* Report 17–19). The ALJ needed only "substantial evidence" to justify her conclusion, so supportive statements within Dr. Del Rio-Roberts's opinion — even a preponderance of them — cannot prove a lack of substantial evidence or undercut the ALJ's adequately supported finding. *See Crawford*, 363 F.3d at 1158–59.

Because Fernandez does not believe there is contrary evidence in Dr. Del Rio-Roberts's report, she argues the evaluations of Drs. Brown and Hightower — which are based largely on Dr. Del Rio-Roberts's report — are afforded far too much weight. (*See* Objections 4). The Objections stress Drs. Brown and Hightower never personally spoke to or evaluated Fernandez directly, nor did they have access to Dr. Villamil's treatment records. (*See id.*). Fernandez faults the Report's reliance upon the medical opinions of Drs. Brown and Hightower because, as reviewing physicians hired by a state agency, "their opinions are entitled to little weight . . . and

---

[3] In fact, even "a good deal" of supportive information (Objections 8) fails to negate the existence of substantial evidence to the contrary, not only in the record as a whole, but even just within Dr. Del Rio-Roberts's evaluation.

that relying on these opinions to reject the opinion of treating physicians is not considered to be 'good cause.'" (*Id.* 5–6 (citing *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990); and *Bruet v. Barnhart*, 313 F. Supp. 2d 1338, 1346–47 (M.D. Fla. 2004) (citation omitted))).

Fernandez interprets this case law to mean reviewing-physician opinions cannot be used *at all* in opposition to a treating source opinion. (*See* Fernandez's Mot. 12 ("Without the ability to rely on the deficient opinions by these two non-examining psychologist consultants, ALJ was left with the duty to properly address the only remaining evidence — the report of Dr. Del Rio Roberts and the treatment records and opinion from Dr. Mendez-Villamil.")). Nevertheless, as Fernandez herself notes, the standard is not that this evidence has no value whatsoever; rather, "[t]he opinion of a non-examining reviewing physician . . . *taken alone* does not constitute substantial evidence to support the administrative decision." (*See id.* (alterations and emphasis added) (citing *Swindle*, 914 F.2d at 226 n.3)).

Here, the ALJ's decision was not based solely on these opinions: she found good cause to discount Dr. Villamil's opinions based on their form (conclusory, vague, check-box forms); internal inconsistencies; incongruencies with Dr. Del Rio-Roberts's evaluation; and lack of supporting evidence in the rest of the record. (*See* Report 17–19). And the ALJ made her determination of Fernandez's RFC not simply based on the opinions of Drs. Brown and Hightower, but also relying on Dr. Del Rio-Roberts's report and testimony from the vocational expert and, importantly, Fernandez herself. (*See id.* 16). In other words, the ALJ made her determination of "residual functional capacity based upon all the relevant evidence in [the] case record." 20 C.F.R. § 404.1545(a)(1) (alteration added; cross-citation omitted).[4]

---

[4] On this point, Fernandez also cites and discusses *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997), but this case is inapposite. In *Lewis*, the court found an ALJ's distrust of multiple treating-source doctors' opinions unfounded because the single consulting doctor's opinion (upon which the ALJ discounted the treating sources) had made a misdiagnosis of a concretely verifiable physical condition. *See id.* at 1441.

Once the ALJ properly found good cause for discounting Dr. Villamil's opinion, she was free to use the entire record as evidence of Fernandez's RFC, and her decision to give "significant weight" to the opinions of Drs. Brown and Hightower (Objections 3) was not improper. *See Anderson v. Comm'r of Soc. Sec.*, 441 F. App'x 652, 654 (11th Cir. 2011) ("Because we do not reweigh the evidence anew, and the ALJ articulated specific reasons for discounting the [medical] opinions . . . , which are supported by substantial evidence, there was no reversible error in the weight given to the doctors' opinions." (alterations added)).

### IV. CONCLUSION

The undersigned has conducted a *de novo* review of the record, the parties' filings, and the Report with respect to Fernandez's objections, and has reviewed Judge O'Sullivan's analysis of the remaining claims for plain error. On all points, the undersigned agrees with the analysis and recommendations stated in Judge O'Sullivan's Report, and finds the Report should be accepted and adopted in whole.

**ORDERED AND ADJUDGED** that the Report **[ECF No. 19]** is **ACCEPTED** and **ADOPTED** as follows:

1. Fernandez's Motion **[ECF No. 14]** is **DENIED**.

2. Defendant's Motion **[ECF No. 17]** is **GRANTED**.

3. The determination of the Commissioner is **AFFIRMED**. Final judgment will be entered by separate order in favor of Defendant.

4. The Clerk of the Court is directed to **CLOSE** this case, and any pending motions are **DENIED as moot**.

---

Unlike *Lewis*, this case presents conflicting medical opinions of largely psychological impairments, and, as above, not even Fernandez is arguing Dr. Del Rio-Roberts flatly misdiagnosed her. Indeed, Fernandez erroneously argues the parts of Dr. Del Rio-Roberts's reports that support a finding of disability compel the Court to reject the Report. (*See* Objections 8).

CASE NO. 14-24418-CIV-ALTONAGA/O'Sullivan

**DONE AND ORDERED** in Miami, Florida, this 10th day of July, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record